UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OBED PEREZ-CERVANTES,

Petitioner,

v.

Case No. 2:26-cv-2886-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Obed Perez-Cervantes is a citizen of Mexico currently detained by U.S. Immigration and Customs Enforcement ("ICE"). He asks this Court to release him or order a bond hearing. (Doc. 1.)[1] The Government opposes the petition. (Doc. 6.)

Perez-Cervantes argues that he is entitled to release because his detention has become unconstitutionally prolonged under the Fifth Amendment. The Court cannot agree. Perez-Cervantes does not yet have a final removal order and his "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

(S.D. Fla. Aug. 26, 2026). Perez-Cervantes "has received a bond hearing, and [he] has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

As mentioned, Perez-Cervantes has already received a bond hearing, which was denied. (*See* Doc. 6-1 at 2.) Thus, the Court finds that his request for a bond hearing is moot.

The Court does not otherwise have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). And Perez-Cervantes has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e). But this Court does not sit in appellate review of the bond hearing, which is primarily what Perez-Cervantes asks. *See Guerrero v. Decker*, No. 19-CV-8092 (RA), 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond."). Nor has Perez-Cervantes shown

any constitutional deficiency with the bond hearing beyond mere speculation. (Doc. 6-1 at 2.)

Finally, the Court will not consider Perez-Cervantes Fourth Amendment claim regarding his warrantless arrest. (Doc. 1 at 12-13.) *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016); *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026); *Zaga Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *9 (S.D. Fla. July 30, 2026).

Because Perez-Cervantes has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 18, 2026.

Kyle C. Dudek
United States District Judge